IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Kimberly L. Wildt, ) | |
| ) | C/A No.: 8:05-0951-MBS-BHH |
| Plaintiff, ) | |
| vs. ) | |
| Jo Anne B. Barnhart, Commissioner of ) | **O R D E R** |
| Social Security, ) | |
| Defendant. ) | |

Plaintiff Kimberly Wildt filed an application for a period of disability and disability insurance benefits on January 8, 1999, alleging disability since November 17, 1997 because of psychiatric problems that include depression, anxiety, and headaches. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which hearing was held on June 22, 2000. On October 4, 2000, the ALJ issued a decision finding Plaintiff not disabled because she could perform her past relevant work. The Appeals Council vacated and remanded the ALJ's decision for another hearing and decision. A supplemental administrative hearing was held on June 13, 2003. In a decision dated August 19, 2003, the ALJ determined again that Plaintiff was not entitled to a period of disability or disability insurance benefits under Sections 216(I) and 223, respectively, of the Social Security Act. At this time, the ALJ determined that Plaintiff could perform the requirements of unskilled sedentary work absent the effects of her drug addiction. The decision of the ALJ became the "final decision" of the Commissioner on March 1, 2005, after the Appeals Council determined there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for a Report and Recommendation. On August 16, 2006, the Magistrate Judge filed a Report of Magistrate Judge in which she recommended that the Commissioner's finding of no disability be affirmed. Plaintiff filed objections to the Report of Magistrate Judge on August 18, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

**I.    FACTS.**

The facts are set forth in detail in the Magistrate Judge's Report, the briefs submitted by the parties, and the evidentiary record before the ALJ. Plaintiff, formerly employed as a librarian, has not engaged in substantial gainful activity since November 17, 1997, due to depression, anxiety, and migraine headaches. (*See* ALJ Decision, August 19, 2003 (Transcript 22).). It is undisputed that Plaintiff has a past history of narcotic drug addition.

Since 1990, Plaintiff has been treated for her psychiatric problems. (*See* Defendant's Brief, 2.) J. David Dunbar, Ph.D., began treating Plaintiff with psychotherapy sessions between December 1990 and June 2000. (*See id.* at 2.) Dr. Dunbar testified:

> [Plaintiff] demonstrates symptoms of chronic wearisomeness and anxiety. She has significant difficulty organizing her thinking. She's

2

> quick to become tangential, had problems at times following a train of thought to its logical conclusion, some sleep problems.

(Deposition of J. David Dunbar, May 29, 2002 (Transcript, 920).) In 2001, Dr. Dunbar diagnosed Plaintiff with major depressive and anxiety disorder. (*See id.* at 920-24.)

Ronald G. Steen, M.D., Plaintiff's family practice physician, treated Plaintiff between September 1996 and May 2000 for anxiety, depression, and chronic headaches. (*See* Defendant's Brief, 2.) Dr. Steen noted as follows:

> Kim has been a patient in my practice for almost 4 years. Her past medical history is remarkable for anxiety, depression and chronic debilitating headaches. . . . Prior to coming to my practice, Kim was treated for her headaches at various other practices in the area. By history, she had all the appropriate tests including EEG, CT and trials of various medications, all without any significant improvement in her condition. . . . I have placed [Plaintiff] on a strict medication schedule which includes OxyContin and Stadol. Even with those medications, she is unable to function in a reasonable normal and consistent fashion. By her own admission, she is unable to keep house, perform on a constant basis the normal activities of daily living. At this point in her life, she is totally disabled.

(Letter from Ronald Steen, May 23, 2000 (Transcript, 678).) Dr. Steen opined that "[Plaintiff's] health problems are in no way related to medication usage." (Letter from Ronald Steen, August 25, 2000 (Transcript, 690).)

James Bouknight, M.D., Ph.D., Plaintiff's treating psychiatrist between June 2001 and January 2003, testified that Plaintiff suffered from major depression and anxiety. (*See* Defendant's Brief, 2.) For example, when reflecting on his first meeting with Plaintiff, Dr. Bouknight testified:

> When I saw [Plaintiff], I thought [Plaintiff's] mood was depressed. She was labile. She was tearful at times. She was not psychotic. Her sleep was poor. I thought she met the diagnostic criteria for a major depressive disorder recurrent.

(Deposition of James Bouknight, May 29, 2002, 18 (Transcript, 737).) At his deposition, Dr.

3

Bouknight noted that in January 2001 Plaintiff was admitted for treatment at Baptist Medical Center for an addiction to pain medication. Dr. Bouknight testified that Plaintiff has not used narcotics since 2001. (*See id.*) Further, Dr. Bouknight, who is board certified in general psychiatry, testified that it was his "expert opinion" that Plaintiff can no longer work as a librarian and that, because of her depression, "right now, I don't think she's capable of doing anything." (*Id.* at 736.)

The ALJ relied on testimony provided by Jay Paul Ginsberg, Ph.D. When asked about Plaintiff's last possible use of narcotics, Dr. Ginsberg testified: "I have no records to indicate [Plaintiff] has access to narcotics, since about sometime in '01 would be my best guess." (*Id.*) Dr. Ginsberg testified, however, that Plaintiff's degree of impairment from an independent medical disorder was in the mild to occasionally moderate range across the psychiatric review technique form. (*Id.* at 1000-01.)

Relying on Dr. Ginsberg's testimony, the ALJ found Plaintiff's drug addiction a contributing factor material to the finding that Plaintiff was currently disabled. (ALJ Decision, August 19, 2003 (Transcript 28-29).) In so ruling, the ALJ determined that, "[if] not for the effects of narcotic drug dependence, [Plaintiff] has the residual functional capacity to perform a significant range of unskilled work (*Id.*) The ALJ further determined that unskilled jobs were available to Plaintiff in significant numbers in the national economy. (*Id.*)

## II.     STANDARD OF REVIEW.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4 th Cir. 1964). This standard precludes

4

a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "The courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

### III.    DISCUSSION.

Plaintiff contends that the Magistrate Judge erred in affirming the ALJ's finding that Plaintiff's headaches, emotional problems, and poor coping skills resulted from Plaintiff's drug abuse. According to Plaintiff, the ALJ ignored the uncontroverted evidence that Plaintiff ceased abusing narcotics in 2001 or 2002. The court agrees.

As noted hereinabove, the record contains no evidence that Plaintiff has abused narcotics since 2001. Indeed, Dr. Ginsberg, the government's witness, conceded as much in his testimony before the ALJ. (Testimony of Jay P. Ginsberg, June 13, 2003 Hearing (Transcript, 995) (indicating the record demonstrated Plaintiff had no access to narcotics since 2001.)) Nevertheless, the medical record demonstrates that Plaintiff continued to suffer from emotional problems, including major depression, after she stopped abusing narcotics. Therefore, substantial evidence does not support

the ALJ's finding that Plaintiff's depression, anxiety, and headaches were the result of drug abuse.

The question becomes, then, whether substantial evidence supports the ALJ's determination that Plaintiff possesses the residual functional capacity to perform unskilled work. As the Magistrate Judge correctly noted, "[t]he key factor in the determination is whether [Plaintiff] would still be found disabled if he or she stopped using drugs or alcohol." Report of Magistrate Judge, 8. The focus of the inquiry is on the impairments remaining if the substance abuse ceased, and whether those impairments are disabling, regardless of their cause. *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000). In this case, Plaintiff's treating physicians, Dr. Dunbar and Dr. Bouknight, opined that Plaintiff is disabled from her headaches, depression, and anxiety. (*See, e.g.*, Deposition of J. David Dunbar, May 29, 2002, 16 (Transcript, 920).) Further, on April 15, 2004, Plaintiff submitted an additional medical report from Carl Kinard, M.D. Dr. Kinard recently treated Plaintiff for her emotional issues. (*See* Letter from Carl O. Kinard, March 11, 2004 (Transcript, 17).) According to Dr. Kinard:

> I have been providing psychiatric treatment for Kimberly Wildt, starting 11/20/2003. My initial assessment included the diagnosis of major depression recurrent with severe, generalized anxiety disorder and social anxiety disorder. She does have significant problems with vascular headaches, which occur on a daily basis. . . . Since seeing me, she has failed trials of Effexor and Lexapro. Currently, she is taking a combination of Zoloft and Wellbutrin since she had a partial response to both of these medicines individually. She still meets full criteria for major depression and generalized anxiety disorder, and the social anxiety disorder is, if anything, more prominent now than at the time of my original evaluation. I consider her permanently disabled from her prior profession of librarian and her prognosis for a recovery of function is poor.

(Letter from Carl O. Kinard, March 11, 2004 (Transcript, 17).) Dr. Kinard's 2003 and 2004 treatment of Plaintiff with anti-depressant medication substantiates Drs. Bouknight's and Dunbar's opinions that Plaintiff meets the "full criteria for major depression and generalized anxiety disorder."

6

As noted by the Fourth Circuit, an ALJ must consider all medical facts and the opinions and diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. *See McLain v. Schweiker*, 715 F.2d 866, 869 (4th Cir. 1983). Pursuant to 20 C.F.R. § 404.1527(d)(2), the Commission must generally give more weight to the opinion of a treating physician because that physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged opinion. Plaintiff's treating doctors, along with the record before the court, indicate that Plaintiff currently suffers from a condition possibly qualifying as Listing 12.04 for affective disorders, including major depression. (*See* January 16, 2003 Psychiatric Review of James Bouknight (Transcript 709-719).) However, because the ALJ determined that Plaintiff's emotional problems were the result of her addiction, she did not consider whether Plaintiff's depression, anxiety, and headaches constituted an independent basis for finding disability.

## IV.  CONCLUSION

The court declines to adopt the Report of Magistrate Judge. Pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), it is hereby ORDERED that the case be remanded for further proceedings consistent with this order.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

September 29, 2006

Columbia, South Carolina